

No. 23-10090-J

# JURISDICTIONAL QUESTIONS

Please address which order(s) Appellant's notice of appeal seeks to challenge, and whether any such order(s) is final or immediately appealable. *See* (doc. 6213); Fed. R. App. P. 3(c)(1) (providing that a notice of appeal must, *inter alia*, designate the judgment or appealable order from which the appeal is taken); *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that we give liberal construction to the requirements of Fed. R. App. P. 3(c)(1), particularly with respect to *pro se* appellants); 28 U.S.C. § 1291 (providing this Court with jurisdiction to review final decisions of the district courts); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (stating that to be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

To the extent that Appellant's notice of appeal designates an appealable order for review, please address whether Appellant has standing to appeal in this case. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (noting that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment); *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (explaining that litigants must establish their standing to appeal judgments and that only a litigant who is aggrieved by a judgment or order may appeal); *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1340 (11th Cir. 2014) (providing that a litigant must suffer an injury-in-fact to have standing, and that requirement distinguishes a person with a direct stake in the outcome of a litigation from a person with a mere interest in the problem).

## Jurisdiction & Venue

① This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties. In addition, Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs.

② This court has personal jurisdiction over each defendant insofar as each defendant is authorized and licensed to

over →

conduct buisness in the Commonwealth of Massachusetts, maintains and carries on systematic and continuous contacts in this judical district, regularly transacts buisness within this judicial district, and regularly avails itself of the benifits of this judicial district

(3) Additionally, the Defendants caused tortious injury by acts and Omissions in this and caused tortuois injury in this district by acts and omissions outside this district while regolarly doing and soliciting buisness, engaged in a persistent course of action and conduct, and deriving substantial revenue from goods used or consumed and services rendered in this judicial district.

(4) Venue is proper before this court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

(5) Plaintiff in this appeal is a resident of Massachusetts and has cancer.

Thank-you,
Douglas Beckford
733 Turnpike St. #307
N. Andover, MA.
01845

U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT (CIP)

Beckford vs. ZANTAC  Appeal No. 23-10090-J

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

*(please type or print legibly)*:

ZANTAC Tag Along Case Dist Court # 9:20-MD-02924
U.S.D.C. Honorable Judge Rosenberg WPB Florida
Boehringer-Ingelheim-Pharmaceuticals
Glaxosmithkline Holdings (Americas)
Glaxosmithkline, LLC
Patheon Manufacturing Services, LLC
Pfizer, INC.
Sanofi-Aventis U.S. LLC
~~U.S. LLC~~
Sanofi U.S. Services, INC.
Atty. Aron J. Freiwald
Chattem, INC.

Rev.: 12/20

Douglas Beckford
733 Turnpike St. #307
N. Andover, MA.
01845

U.S. Marshals Service
Atlanta, GA 30303

United States Court of Appeals
Eleventh Circuit
Office of the Clerk of Courts
56 Forsyth Street. N.W.
Atlanta, Georgia
30303